IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

GREGORY LYNN MORRIS,

Petitioner.

03cr218

16cv507
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Currently before the Court is *pro se* Petitioner Gregory Morris' Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 140 at docket no. 03cr218). In his Petition, Morris contends that the eight (8) years of supervised release currently being imposed upon him upon his release from prison is too lengthy a sentence and violates the statutory maximum period of supervised release that may be imposed. The Government filed a Response to this Petition. (Doc. no. 145 at docket no.03cr145). After reviewing the Petition and the Response, the Court will grant in part and deny in part the Petition.

I. **BACKGROUND AND PROCEDURAL HISTORY:**

Morris was tried by a jury and found guilty of two counts of possession with intent to distribute cocaine and crack on November 16, 2004. On February 25, 2005, this Court held a sentencing hearing.

On March 4, 2005, the Court entered a Judgment sentencing Morris to 240 months at counts 1 and 2 to be served concurrently, followed by ten years of supervised release at each count, also to be served concurrently. On May 5, 2005, the United States Court of Appeals for the Third Circuit affirmed the Judgment of this Court.

On January 18, 2007, Morris filed a 2255 Motion (docket no. 07cv076) before this Court. After carefully considering all arguments raised by Morris, on May 14, 2008, the Court denied Morris' 2255 Motion.

On July 23, 2009, this Court, upon a Motion by the Government, entered an amended Judgment reducing Morris' term of imprisonment to 84 months each, at counts 1 and 2, to be served concurrently, followed by five years of supervised release at each count, also to be served concurrently.

On March 18, 2011, a Supervised Release Petition was filed by Morris' Probation Officer. On April 19, 2012, this Court held a Supervised Release hearing and sentenced Defendant to time served followed by 3 years of supervised release.

In February 12, 2012, this Court received notice that Morris was being charged with a new federal crime, specifically, conspiracy to possess with intent to distribute one hundred grams or more of a mixture and substance containing a detectable amount of heroin. This matter was adjudicated before United States District Judge Cathy Bissoon. See criminal case at docket no. 14cr022. Morris pled guilty to this new conspiracy charge on February 21, 2014.

On November 6, 2015, Judge Bissoon sentenced Morris to 60 months imprisonment, followed by five years of supervised release for this offense. On the same date, November 6, 2015, the Probation Office filed a Petition for Show Cause Hearing (doc. no. 128 at docket no. 03cr218), noting that Judge Bissoon had sentenced Defendant as detailed above.

On December 1, 2015, this Court held a hearing on the Supervised Release Violation Petition, and found that the new conspiracy charge to which Morris had pled guilty constituted a violation of his supervised release. Accordingly, on December 3, 2015, this Court entered Judgment against Morris, sentencing him to forty (40) months confinement (twenty (20) months

to run concurrent with Judge Bissoon's sentence at case no. 14cr022, and twenty (20) months to run consecutive to that sentence), plus three years of supervised release to run consecutive to the five years of supervised release that Judge Bissoon had imposed. See doc. no. 135 at docket no. 03cr218.

II. DISCUSSION

On April 26, 2016, Morris filed the instant 2255 Motion to vacate the sentence this Court entered on December 3, 2015, arguing that by running the three years of supervised release which this Court imposed, consecutive to the five years of supervised release that Judge Bissoon had imposed, would result in eight years of supervised release, and thereby exceed the statutory maximum. The Government in its brief concurred with this assessment (see doc. no. 145, p. 6-7), and thus, the Court will amend its judgment to reflect that Morris' three years of supervised release for his supervised release violation run concurrently with five years of supervised released imposed by Judge Bissoon for Morris' conspiracy offense. In *United States v. Danser,* the United States Court of Appeals for the Third Circuit held, that "[l]ike our sister circuits who have dealt with this issue, we find that section 3624(e) and the Sentencing Guidelines do not permit sentencing courts to impose consecutive terms of supervised release."

Given the position of the Government and the Court of Appeals, Morris will be supervised for a total of five years (three years at docket no. 03cr218 to run concurrent with the period of five years at docket no. 14cr022), following his release from the Bureau of Prisons for the conspiracy charge to which he pled guilty.[1]

---

[1] Although difficult to discern, the Court believes Morris also attempted to raise an *ex post facto* argument in relation to this Court's December 3, 2015 sentence, as well as an argument concerning the calculation of his supervised release time under 18 U.S.C. § 3583(e)(3) and § 3583(h). These two arguments are meritless from a substantive standpoint, and moot, because of this Court's decision to amend its Judgment

3

### III. CONCLUSION

The Court **GRANTS** in part Morris' Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 140 at docket no. 03cr218) so as to run Morris' three years of supervised release concurrently with Judge Bissoon's sentence of five years of supervised release (see doc. no. 40 at docket no. 14cr022). The Motion to Vacate Sentence Under 28 U.S.C. § 2255 is **DENIED** in all other respects.

**SO ORDERED,** this 19th day of May, 2016,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF registered counsel of record

Gregory Lynn Morris
USMS 04488-748
FCI Berlin
PO Box 9000
Berlin, NH 03570

---

to reflect that the three years of supervised release run concurrent with Judge Bissoon's five years of supervised release.